IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| A.S., a Minor, by her Father and Mother and Next Friends, DAN AND JANN STRUTZENBERG DAN STRUTZENBERG, Individually; JANN STRUTZENBERG, Individually; <br><br>Plaintiff, <br><br>v. <br><br>TREYNOR COMMUNITY SCHOOL DISTRICT; TIM NAVARA; KEVIN ELWOOD <br><br>Defendants. | CASE NO. 1:14-cv-35 <br><br>**PETITION AND JURY DEMAND** |

COME NOW the Plaintiffs, A.S., a Minor, by her Father and Mother and Next Friends, Dan and Jann Strutzenberg, Dan Strutzenberg, Individually, and Jan Strutzenberg, Individually, and, in support of their Petition and Jury Demand, state as follows:

**PARTIES**

1. Plaintiff A.S., a Minor, by her Father and Mother and Next Friends, Dan and Jann Strutzenberg is a resident of Treynor, Iowa in Pottawattamie County.

2. Plaintiff Dan Strutzenberg is a resident of Treynor, Iowa in Pottawattamie County.

3. Plaintiff Jann Strutzenberg is a resident of Treynor, Iowa in Pottawattamie County.

#2547902

**JURISDICTION AND VENUE**

4. At all times material hereto Treynor Community School District, Tim Navara, and Kevin Elwood have conducted business in or have been residents of Treynor, Iowa in Pottawattamie County.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the matter in controversy arises under federal law.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

**FACTUAL BACKGROUND**

7. Dan Strutzenberg and Jann Strutzenberg are employees of the Treynor Community School District ("District"). A.S. is a minor, is the daughter of Dan and Jann Strutzenberg, and, during the 2012-2013 school year, was a sophomore student. She is currently enrolled in the District.

8. During the 2012-2013 school year, and perhaps prior thereto, Kreighton Elwood, who was then a junior enrolled at the Treynor Community School District (District), engaged in a series of assaults on female students at the District. Various assaults were reported and complaints about the conduct were reported to District Superintendent Kevin Elwood, who is also Kreighton's father. Superintendent Elwood is responsible for administering the policies of the District, including policies prohibiting sex discrimination, harassment, bullying and assault.

9. On May 16, 2013, early in the morning, Kreighton Elwood accosted A.S. on the District school grounds, and took her car keys from her, depriving her of the ability to drive the vehicle, or leave school at the end of the day. When A.S. requested the return of the keys, again,

at the end of the school day, he refused. He proceeded to get in to her car without her permission. A.S. got into the car to appease Kreighton.

10. Kreighton refused to return the car or keys, and drove A.S. from the store to a remote location and sexually assaulted her, ripping her clothing and leaving a bruise on her. He then drove her back to the school grounds, where he assaulted her again. His actions were a sexual assault, and discrimination and harassment based on her sex or gender, and her small physical size.

11. On May 17, 2013, A.S. was harassed by other students in the school as they accused her of having sex with Kreighton Elwood. A high school teacher heard rumors during the school day that indicated that Kreighton had hurt A.S. on the previous day. The teacher informed the high school principal, Tim Navara, on May 17, 2013, of what she had heard. There was no action taken by the principal or any other school administrator or official concerning the report or the harassment.

12. During the following days, A.S. told her parents about the incident. Dan Strutzenberg reported the incident to the police. Jann Strutzenberg reported the incident to her building administrator, Tim Larsen, and to Kreighton's mother, co-worker Shana Elwood. Dan Strutzenberg then reported the incident to Kevin Elwood on May 21, 2013. The District took no action to investigate, or provide any remedy or safety to A.S.

13. In July 2013, a warrant was issued for the arrest of Kreighton Elwood for charges associated with the assault on A.S., as well as other high school girls at the District.

14. On October 19, 2013, Kreighton Elwood entered guilty pleas in Pottawattamie County District Court to sex based offenses, including the assault of A.S. He was placed on the sex offender registry, and ordered to have no contact with any of the victims of his sexual

assaults, including contact at the Treynor Community School District. Nevertheless, he remained enrolled at the District as a student, his name appeared on the honor roll, and no disciplinary action was taken.

15. Jann Strutzenberg was advised of or given Family and Medical Leave Act leave when her presence was needed to care for A.S., or take A.S. to medical appointments associated with the emotional distress connected with the assault or ongoing harassment and retaliation at school.

16. Dan and Jann Strutzenberg have incurred expenses, including medical bills, for A.S.'s treatment and counseling.

17. On January 11, 2014, Dan Strutzenberg spoke with two school board members concerning the ongoing situation, and the complaints that had been made. He was informed that Superintendent Kevin Elwood had met with the board members previously, and encouraged them to support his son. No action has been taken by the District, or its officials, to stop discrimination, harassment, bullying or retaliation against A.S., Jann or Dan Strutzenberg, or any other student victim.

18. A.S., Dan and Jann Strutzenberg have filed verbal and written complaints with the District concerning the actions herein. No corrective or protective action was taken by the District, despite the complaints and the criminal guilty plea to the assault by Kreighton Elwood.

19. On information and belief, Kreighton Elwood has engaged in sexually aggressive and assaultive behavior toward other female students in the past. Said behavior has been the subject of complaint and/or knowledge by District officials prior to the assault in May 2013.

20. A.S. has suffered bullying, harassment, embarrassment and emotional trauma and distress as the result of the actions of Kreighton Elwood, and the ongoing action and inaction of

the District, and its administrators. She has been denied the right to attend school, and class, including band practice, without having to endure verbal and physical harassment, physical assault, bullying and direct contact and physical proximity to Kreighton Elwood. She has been denied the right to be free from harassment and ostracism by her classmates due to her complaint about Kreighton Elwood and demand for an investigation and remedial education and action.

21. Jann Strutzenberg has suffered harassment and retaliation, emotional distress, and has been subjected to denial of benefits and a hostile environment for being associated with A.S., for supporting A.S.'s complaint, for making complaints of wrongful treatment and providing information as a witness, for taking A.S. for counseling and medical appointments, for opposing the wrongful treatment of A.S. by other students, and for opposing the lack of investigation and action by the school administrators charged with the responsibility to act. She has also incurred financial expenses for A.S.'s treatment.

22. Dan Strutzenberg has suffered harassment and retaliation, emotional distress, for being associated with A.S., for supporting A.S.'s complaint and taking action to complain of wrongful treatment on her behalf and providing information as a witness, for opposing the wrongful treatment of A.S. by other students, and for opposing the lack of investigation and action by the school administrators charged with the responsibility to act. He has also incurred financial expenses for A.S.'s treatment.

**COUNT I - VIOLATION OF 20 U.S.C. § 1681 AGAINST DEFENDANT TREYNOR COMMUNITY SCHOOL DISTRICT**

23. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 22 as if fully pled herein.

24. Kreighton Elwood and A.S. were both students enrolled at school in the District at the time of the harassment and assault.

25. All or part of the harassment and assault occurred during the school day and on school property.

26. The District, by virtue of verbal and written reports from Plaintiffs A.S., Dan and Jann Strutzenberg, had actual knowledge of Kreighton Elwood's harassment and assault of A.S.

27. The District was deliberately indifferent to Kreighton Elwood's harassment and assault of A.S.

28. Kreighton Elwood's harassment and assault of A.S. was based on A.S.'s sex and was so severe, pervasive, and objectively offensive that it deprived A.S. of access to the educational benefits and opportunities provided by the school.

**COUNT II - VIOLATION OF 20 U.S.C. § 1681 AGAINST DEFENDANT TIM NAVARA**

29. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 28 as if fully pled herein.

30. Kreighton Elwood and A.S. were both students enrolled at school in the District at the time of the harassment and assault.

31. The harassment and assault occurred during the school day.

32. Tim Navara, the high school principal in the District, by virtue of a verbal report from another teacher in the District, had actual knowledge of Kreighton Elwood's harassment and assault of A.S.

33. Tim Navara was deliberately indifferent to Kreighton Elwood's harassment and assault of A.S.

34. Kreighton Elwood's harassment and assault of A.S. was so severe, pervasive, and objectively offensive that it deprived A.S. of access to the educational benefits and opportunities provided by the school.

**COUNT III - VIOLATION OF 20 U.S.C. § 1681 AGAINST DEFENDANT KEVIN ELWOOD**

35. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 34 as if fully pled herein.

36. Kreighton Elwood and A.S. were both students enrolled at school in the District at the time of the harassment and assault.

37. The harassment and assault occurred during the school day.

38. Kevin Elwood, the District Superintendent, by virtue of a verbal report from Plaintiff Dan Strutzenberg, had actual knowledge of Kreighton Elwood's harassment and assault of A.S.

39. Kevin Elwood was deliberately indifferent to Kreighton Elwood's harassment and assault of A.S.

40. Kreighton Elwood's harassment and assault of A.S. was so severe, pervasive, and objectively offensive that it deprived A.S. of access to the educational benefits and opportunities provided by the school.

**COUNT IV- VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT TREYNOR COMMUNITY SCHOOL DISTRICT**

41. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 40 as if fully pled herein.

42. The District failed to take any remedial action with regard to verbal and written reports made of Kreighton Elwood's harassment and assault of A.S.

43. The lack of action by the District, when violations of the policies and law prohibiting discrimination and harassment, bullying and retaliation based on sex or gender, or physical size violates the law, and constitutes an official position, pattern and practice of

7

deliberate indifference and reckless disregard for the health, safety and education of A.S., and the other girls at the District who were placed in a similar circumstance.

44. The actions and inactions of the District, and District officials, have caused Plaintiffs emotional distress denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

**COUNT V- VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT TIM NAVARA**

45. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 44 as if fully pled herein.

46. Tim Navara had actual knowledge of Kreighton Elwood's harassment and assault upon A.S.

47. Tim Navara failed to take any remedial action with regard to verbal and written reports made of Kreighton Elwood's harassment and assault of A.S.

48. The lack of action by the Tim Navara, when violations of the policies and law prohibiting discrimination and harassment, bullying and retaliation based on sex or gender, or physical size violates the law, and constitutes an official position, pattern and practice of deliberate indifference and reckless disregard for the health, safety and education of A.S., and the other girls at the District who were placed in a similar circumstance.

49. The actions and inactions of Tim Navara, have caused Plaintiffs emotional distress denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

### COUNT VI- VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT KEVIN ELWOOD

50. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 49 as if fully pled herein.

51. Kevin Elwood had actual knowledge of Kreighton Elwood's harassment and assault upon A.S.

52. Kevin Elwood failed to take any remedial action with regard to verbal and written reports made of Kreighton Elwood's harassment and assault of A.S.

53. The lack of action by the Kevin Elwood, when violations of the policies and law prohibiting discrimination and harassment, bullying and retaliation based on sex or gender, or physical size violates the law, and constitutes an official position, pattern and practice of deliberate indifference and reckless disregard for the health, safety and education of A.S., and the other girls at the District who were placed in a similar circumstance.

54. The actions and inactions of the Kevin Elwood, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

### COUNT VII - VIOLATION OF IOWA CODE § 280.28 AGAINST DEFENDANT TREYNOR COMMUNITY SCHOOL DISTRICT

55. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 93 as if fully pled herein.

56. The District failed to take any remedial action with regard to verbal and written reports made of Kreighton Elwood's harassment and assault of A.S.

57. The District failed to implement and/or enforce an anti-harassment or anti-bullying policy.

58. The actions and inactions of the District and District officials, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

### COUNT VIII - VIOLATION OF IOWA CODE § 280.28 AGAINST DEFENDANT TIM NAVARA

59. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 97 as if fully pled herein.

60. Tim Navara failed to take any remedial action with regard to verbal and written reports made of Kreighton Elwood's harassment and assault of A.S.

61. Tim Navara failed to implement and/or enforce an anti-harassment or anti-bullying policy.

62. The actions and inactions of Tim Navara, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

### COUNT IX - VIOLATION OF IOWA CODE § 280.28 AGAINST DEFENDANT KEVIN ELWOOD

63. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 101 as if fully pled herein.

64. Kevin Elwood failed to take any remedial action with regard to verbal and written reports made of Kreighton Elwood's harassment and assault of A.S.

65. Kevin Elwood failed to implement and/or enforce an anti-harassment or anti-bullying policy.

66. The actions and inactions of Kevin Elwood, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

### COUNT X - NEGLIGENCE AGAINST DEFENDANT TREYNOR COMMUNITY SCHOOL DISTRICT

67. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 105 as if fully pled herein.

68. The District had a duty to keep students safe, supervise conduct occurring during school hours, and to maintain an environment conducive to learning.

69. The District breached that duty by permitting, condoning, and creating an environment that encouraged harassment.

70. The District's negligent conduct is a proximate cause of Plaintiffs' damages.

71. The actions and inactions of administrators, after complaints had been made by A.S., Jann and Dan Strutzenberg about the attack on A.S. led to and were a part of ongoing harassment and retaliation for complaining and participating as a witness in complaints concerning discrimination and harassment, bullying and retaliation based on sex or gender, or physical size. The actions and inactions of the District, and District officials, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

### COUNT XI - NEGLIGENCE AGAINST DEFENDANT TIM NAVARA

72. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 110 as if fully pled herein.

73. Tim Navara had a duty to keep students safe, supervise conduct occurring during school hours, and to maintain an environment conducive to learning.

74. Tim Navara breached that duty by permitting, condoning, and creating an environment that encouraged harassment.

75. Tim Navara's negligent conduct is a proximate cause of Plaintiffs' damages.

76. The actions and inactions of Tim Navara, after complaints had been made by A.S., Jann and Dan Strutzenberg about the attack on A.S. led to and were a part of ongoing harassment and retaliation for complaining and participating as a witness in complaints concerning discrimination and harassment, bullying and retaliation based on sex or gender, or physical size.  The actions and inactions of Tim Navara, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

**COUNT XII - NEGLIGENCE AGAINST DEFENDANT KEVIN ELWOOD**

77. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 115 as if fully pled herein.

78. Kevin Elwood had a duty to keep students safe, supervise conduct occurring during school hours, and to maintain an environment conducive to learning.

79. Kevin Elwood breached that duty by permitting, condoning, and creating an environment that encouraged harassment.

80. Kevin Elwood's negligent conduct is a proximate cause of Plaintiffs' damages.

81. The actions and inactions of Kevin Elwood, after complaints had been made by A.S., Jann and Dan Strutzenberg about the attack on A.S. led to and were a part of ongoing harassment and retaliation for complaining and participating as a witness in complaints

concerning discrimination and harassment, bullying and retaliation based on sex or gender, or physical size.  The actions and inactions of Kevin Elwood, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

### COUNT XIII - NEGLIGENT RETENTION AND SUPERVISION OF SUPERINTENDENT AGAINST DEFENDANT TREYNOR COMMUNITY SCHOOL DISTRICT

82. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 120 as if fully pled herein.

83. Kevin Elwood is the District Superintendant for the District.

84. The District has a duty to properly supervise its administrators.

85. The District, by virtue of verbal and written reports from Plaintiffs A.S., Dan and Jann Strutzenberg, and others, had actual knowledge of Kreighton Elwood's harassment and assault of A.S. and other female students.

86. The District had actual knowledge of Kevin Elwood's inaction with regard to Kreighton Elwood's harassment and assault of A.S.

87. The District breached its duty by failing to properly supervise or take any remedial action with regard to Kevin Elwood's inaction with regard to Kreighton Elwood's harassment and assault of A.S.

88. The District's actions and inaction were a proximate cause of Plaintiff's damages.

89. The actions and inactions of the District, and District officials, have caused Plaintiffs emotional distress, and denied A.S. the educational opportunities and benefits to which she is entitled, and Jann and Dan Strutzenberg the workplace free of harassment to which they are entitled.

**COUNT XIV - VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT (29 U.S.C. § 2611 ET SEQ.) AGAINST DEFENDANT TREYNOR COMMUNITY SCHOOL DISTRICT**

90. Plaintiffs reallege and incorporate by reference its allegations pled in Paragraphs 1 through 128 as if fully pled herein.

91. Defendant Treynor Community School District is and was at all times material an "employer" within the meaning of the Family Medical Leave Act (29 U.S.C. § 2611 et seq.).

92. Plaintiff Jann Strutzenberg is and was at all times material an "eligible employee" within the meaning of the Family Medical Leave Act (29 U.S.C. § 2611 et seq.).

93. Since the harassment and assault by Kreighton Elwood on May 16, 2013, A.S. has been attending medical appointments associated with the emotional distress connected with the assault or ongoing harassment and retaliation at school. Plaintiff Jann Strutzenberg's presence is needed to care for A.S. and to take A.S. to said medical appointments.

94. The District has failed to advise Plaintiff Jann Strutzenberg of the Family and Medical Leave Act (19 U.S.C. § 2611 et seq.) leave she is entitled to pursuant to her rights.

95. Defendant retaliated against Plaintiff Jann Strutzenberg for exercising her rights under the Family Medical Leave Act by failing to take action to keep others from creating a hostile atmosphere surrounding the need for leave to take A.S. to medical appointments.

96. As a result of Defendant's acts and omissions, Plaintiff Jann Strutzenberg has in the past and will in the future suffer damages including, but not limited to, emotional distress, loss of status and assignments, wages, benefits, and other emoluments of employment.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

That Defendants pay to Plaintiffs all emotional distress damages.

That Defendants pay to Plaintiffs all expenses incurred by Plaintiffs, including medical bills, for A.S.'s treatment and counseling.

That Defendants pay to Plaintiffs all damages and costs caused by Defendants' negligence, including punitive damages in view of the intentional, deliberate, and indifferent nature of Defendants' conduct.

That Defendants pay to Plaintiffs all lost wages and benefits due to the denial of Family and Medical Leave Act leave, under the law and any applicable policy or contract.

That Plaintiffs be granted their reasonable attorneys' fees, the costs of this action, and prejudgment and post-judgment interest.

That Plaintiffs be given all other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs, A.S., a Minor, by her Father and Mother and Next Friends, Dan and Jann Strutzenberg, Dan Strutzenberg, Individually, and Jan Strutzenberg, Individually, demand a jury to hear all issues so triable in this action.

Respectfully submitted,

 /s/  Becky S. Knutson
Becky S. Knutson, AT0004225
Margaret A. Hanson, AT0011866
Davis, Brown, Koehn, Shors & Roberts, P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, IA  50309-3993
Telephone:  (515) 288-2500
Facsimile:  (515)243-0654
Email: BeckyKnutson@davisbrownlaw.com
           MaggieHanson@davisbrownlaw.com
ATTORNEYS FOR PLAINTIFFS

ORIGINAL FILED.