IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| A.S., a Minor, by her Father and Mother, and Next Friends, DAN AND JANN STRUTZENBERG, DAN STRUTZENBERG, Individually; JANN STRUTZENBERG, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> TREYNOR COMMUNITY SCHOOL DISTRICT, TIM NAVARA, KEVIN ELWOOD, <br><br> Defendants. | Case No. 1:14-cv-00035 <br><br><br> **DEFENDANT KEVIN ELWOOD'S REPLY BRIEF IN SUPPORT OF THE SECOND MOTION TO DISMISS** |

COMES NOW, Defendant Kevin Elwood, pursuant to Federal Rule of Civil Procedure 12(b)(6) and LR 7(g), and states as follows for its Reply Brief in response to Plaintiffs' Response to Defendant Elwood's Second Motion to Dismiss for Failure to State a Claim.

## Procedural Background

In response to Plaintiffs' assertions on procedural background, Plaintiffs failed to include that Defendant Elwood filed a Joinder to Defendant Treynor Community School District and Tim Navara's first Motion to Dismiss on February 18, 2015, and incorporated such by reference in its Second Motion to Dismiss filed May 11, 2015. Plaintiffs did not specifically resist or respond to Defendant Elwood's Joinder, however Defendant Elwood has pending Motions to Dismiss regarding Counts III, VI, IX, XVII, and XVIII of Plaintiffs' Amended Complaint.

## ARGUMENT

Regarding the claims set forth under Count XVII of Plaintiffs' Amended Complaint, Plaintiffs respond that their claims "are not limited to a specific section" of Iowa Code Chapter 216, without further elaboration. While it remains Plaintiffs' obligation to "'give [Defendants] fair notice of what the claim[s are] and the grounds upon which [they] rest[,]'" it appears Plaintiffs are claiming (1) discrimination in education under Iowa Code § 216.9 on behalf of Plaintiff A.S., *and* (2) retaliation and harassment/hostile work environment in employment under Iowa Code §§ 216.6 and 216.11 for Plaintiffs Dan and Jann Strutzenberg. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

For the former, Plaintiffs do not resist that Plaintiff A.S.'s discrimination in education claims under Iowa Code § 216.9 do not state a claim for individual liability, as "persons" are not subject to liability under that section. *See* Iowa Code § 216.9 (2015); *Murphy v. Pleasantville Sch. Dist.,* No. 400CV10010, 2000 WL 33361989, at *3 (S.D. Iowa May 4, 2000). As a result, Plaintiff A.S.'s claims against Defendant Elwood under Count XVII should be dismissed.

In regards to Plaintiffs Dan and Jann Strutzenberg, Plaintiffs state they "clearly" set forth facts supporting retaliation and harassment/hostile work environment in employment claims under Iowa Code §§ 216.6 and 216.11. (Response, p. 8). However, while "[d]istrict courts in [the Eighth Circuit] agree that the [*Twombly/Iqbal*] pleading standard does *not* require an employment discrimination plaintiff to make out or plead facts related to each element of a *prima facie* case of discrimination in his or her complaint, . . . the claim must be facially plausible," including sufficient factual allegations. *Blazek v. U.S. Cellular Corp.,* 937 F. Supp. 2d 1003, 1013 (N.D. Iowa 2011) (emphasis in original).

In each of Plaintiffs' cited examples of supporting "factual allegations," the Plaintiffs set forth facts on what they believe *they did*, not facts setting forth retaliatory measures and harassment allegedly *experienced by* Plaintiffs as a result. (Response, p. 8). Simply put, the Amended Complaint does not plead any facts regarding the who, what, when, and how of retaliatory or harassing conduct in employment allegedly experienced by Plaintiffs Dan and Jann Strutzenberg. (See Response, p. 8).  In contrast, in *Blazek*, the plaintiff was found to survive a motion to dismiss on her sexual harassment claim because her factual summary outlined that:

> she was subjected to behavior of co-employees who frequently talked about their personal sex lives and the sex lives of customers in the store, frequently asked invasive questions relating to her personal sex life, frequently asked about her private parts, and showed her naked and sexually suggestive pictures found on customers' phones.

*Blazek*, 937 F. Supp. 2d at 1018. Another district court case in the Eighth Circuit allowed an employment discrimination case to proceed when the Plaintiffs' factual allegations stated they experienced "lower pay, had unequal access to promotion opportunities, were overburdened with excess work, were subject to unfair criticism of their work product, and were refused overtime opportunities." *Martin v. ReliaStar Life Ins. Co.,* 710 F. Supp. 2d 875, 888 (D. Minn. 2010). Instead, asking the court to accept the assertion that "Kevin Elwood retaliated against Plaintiffs," is not a "fact" supportive of such claim, but a conclusory statement.

## Conclusion

For the reasons set forth above, Count XVII of Plaintiffs' Amended Complaint should still be dismissed for failure to state a claim under Iowa Code chapter 216.

*/s/  Andrew J. Bracken*
Andrew J. Bracken (AT0001146)
dbracken@ahlerslaw.com

*/s/ Miriam Van Heukelem*
Miriam D. Van Heukelem (AT0010074)
mvanheukelem@ahlerslaw.com

*/s/ Rebecca E. Reif*
Rebecca E. Reif, (AT0011963)
rreif@ahlerslaw.com

AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
(515) 243-7611
(515) 243-2149 (fax)
ATTORNEYS FOR DEFENDANT KEVIN ELWOOD


**Electronically filed and served via CM-ECF.**

Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
(712) 252-1866
(712) 252- 5822 fax
 phillips@klasslaw.com
ATTORNEYS FOR DEFENDANTS
TREYNOR COMMUNITY SCHOOL
DISTRICT & TIM NAVARA

Becky S. Knutson
Margaret A. Hanson
Davis, Brown, Koehn, Shors & Roberts, P.C.
215 10th Street, Suite 1300
Des Moines, IA 50309-3993
(515) 288-2500
(515) 243-0654 (fax)
BeckyKnutson@davisbrownlaw.com
MaggieHanson@davisbrownlaw.com
ATTORNEYS FOR PLAINTIFFS

01115832-1\17071-997

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on:      June 3, 2015

By:   ☐   U.S. Mail                          ☐   Fax
        ☐   Hand delivery                  ☐   Private Carrier
        ☒   Electronically (e.g. *via CM/ECF*)   ☐   E-mail

Signature:      */s/ Kimberly Wolff*